IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MARK MANWARREN,

        Plaintiff,

v.

JOHN CAMERON, *et al.*,

        Defendants.

Civil Action No.
3:18-CV-0877 (GLS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

MARK MANWARREN, *Pro se*
Chenango County Jail
279 County Road 46
Norwich, NY 13815

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Mark Manwarren, who is currently an inmate being held in a local jail facility, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against a sitting judge, a public defender, and the Town of Norwich. In his complaint, plaintiff alleges that bail posted on his

behalf by his father was not returned following the conclusion of his court case.

Plaintiff's complaint, an accompanying application for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel have been forwarded to me for consideration. Based upon my review of those materials I am denying plaintiff's IFP application and denying his motion for appointment of counsel, and recommend that his complaint in this action be dismissed with leave to replead.

I. BACKGROUND

Plaintiff, who is currently confined in the Chenango County Jail, located in Norwich, New York, commenced this action on July 27, 2018. Dkt. No. 1. As defendants, plaintiff's complaint names (1) Smyrna Town Court Judge Campbell; (2) John Cameron, who is identified as the "head public defender for the County of Chenango"; and (3) the Town of Norwich. *Id.* at 1. In his complaint, plaintiff alleges that bail was posted on his behalf by his father, Gregory Manwarren, in connection with a criminal proceeding pending before defendant Campbell, and that the bail money was not returned at the conclusion of the court proceeding to which it related. *Id.* at 2. Apparently the bail posted, in the amount of $250.00, was not returned based upon the court's finding that plaintiff missed a

scheduled court date. Dkt. No. 9 at 3. Plaintiff claims that neither of the individual defendants has responded to his request for information regarding the bail money, nor has it been returned. Dkt. No. 1 at 2. As relief, plaintiff's complaint requests declaratory and injunctive relief, as well as an award of compensatory damages in the amount of $10 million. *Id.*

II.   DISCUSSION

    A.   Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]

Plaintiff's initial complaint in this action was accompanied by a motion for leave to proceed without prepayment of fees. Dkt. No. 2. Upon review of that application the court determined that it was deficient and ordered administrative closure of the action with an opportunity to comply with the applicable filing fee requirement. Dkt. No. 4.

---

[1] The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

3

Plaintiff subsequently submitted a second motion for leave to proceed IFP with an accompanying inmate authorization form. Dkt. Nos. 7, 8. Plaintiff's renewed IFP application does not contain a certification from the Chenango County Jail containing the required information concerning his inmate account balance. Dkt. No. 7 at 2. Instead, the application bears a handwritten notation from plaintiff that says, "[E]veryone I talked to refused to sign this, so I got copies of my Resident History Report." *Id.*

The governing federal statute provides, in pertinent part, that an application for IFP status must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice for this court, a prisoner seeking IFP status in a civil action may satisfy this requirement by submitting a completed, signed, and certified IFP application.[2] N.D.N.Y. L.R. 5.4(b)(1)(A). Rule 5.4 of the court's local rules further provides that if the prisoner fails to fully

---

[2] A "certified" IFP application is one on which the certificate portion at the bottom of the second page has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

4

comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).

Plaintiff's IFP application in this action is clearly incomplete given the absence of a proper certification. For that reason, it must be denied. In light of plaintiff's allegation that he has attempted to secure a certified IFP application from prison officials, however, I will afford him another opportunity to submit a completed application. The clerk of the court will be respectfully directed to provide plaintiff an extra copy of this order, report, and recommendation for his use in requesting that the certification section of his IFP application be completed, signed, and returned to him by an appropriate official at his jail facility.

B.  Sufficiency of Plaintiff's Complaint

Although I am denying plaintiff's IFP application, in the interest of judicial efficiency and because I anticipate that plaintiff will submit a completed IFP request, I have proceeded to analyze the substance of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### 1. Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a

*pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

The complaint in this action is subject to dismissal both because plaintiff has not alleged sufficient facts to establish that he has standing to sue and because the complaint does not name any defendants who are amenable to suit.

#### a. Standing

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Arising from the case and controversy requirement of Article III of the Constitution, "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013). The standing requirement is reflective of "an idea, which is more than an intuition but

less than a rigorous and explicit theory, about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal quotation marks omitted) *abrogated on other grounds by Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118 (2014). To establish standing for purposes of the constitutional "case or controversy" requirement, a plaintiff must show that he personally has suffered an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 568 U.S. at 409 (internal quotation marks omitted).

In this case, plaintiff's complaint asserts purported constitutional claims based on allegations that the bail money posted by plaintiff's father in connection with criminal charges brought against plaintiff in Chenango County Court was not returned to his father. Dkt. No. 1 at 2. There are no allegations in the complaint, however, that plaintiff was injured in any manner as a result of the alleged constitutional deprivation. Indeed, it appears from plaintiff's complaint that the bail money that was allegedly not returned never belonged to plaintiff in the first place. Accordingly, I recommend the action be dismissed based on lack of standing.

      b.      Defendant Judge Campbell

Defendant Campbell is identified in plaintiff's complaint as a Smyrna Town Court Judge. Dkt. No. 1 at 1. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

In this case, plaintiff's allegation that defendant Campbell impermissibly forfeited or withheld his bail, based apparently upon a finding that plaintiff failed to appear in court as required, falls squarely within the heartland of defendant Campbell's judicial duties. Accordingly, defendant Campbell is immune from plaintiff's claims in this action and is entitled to dismissal of plaintiff's claims against him.

b. Defendant Cameron

Defendant Cameron is identified as the public defender whose office apparently represented plaintiff in the criminal action to which the forfeited bail related. Dkt. No. 1 at 2. Although plaintiff has named a public defender as a defendant, the claim against defendant Cameron does not implicate state action.

State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts plausibly suggesting state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.). It is well established that "public defenders or court-appointed defense attorneys do not act under color of law." *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (internal quotation marks omitted); *accord, Polk Cnty. v. Dodson*, 102 S. Ct. 445, 453 (1981) ("[A] public defender does not

act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, I recommend that plaintiff's claim against defendant Cameron be dismissed based upon a lack of state action.

     c. <u>Defendant Town of Norwich</u>

Nominally, plaintiff has included the Town of Norwich as a named defendant in this action. Dkt. No. 1 at 1. His complaint, however, is devoid of any allegations that would give rise to liability on the part of the Town of Norwich. Accordingly, I recommend that plaintiff's claim against the Town of Norwich be dismissed.

  C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not

13

required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, although seemingly implausible, it is possible that plaintiff may be able to amend his complaint to assert cognizable causes of action against defendants who are amenable to suit. Accordingly, I recommend that he be granted leave to amend.

If plaintiff chooses to file an amended complaint, he must clearly and concisely set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing

complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

### D. Request for Appointment of Counsel

Accompanying plaintiff's complaint in this action is a request for the assignment of counsel to represent him in this action *pro bono*. Dkt. No. 3. In support of that request, plaintiff asserts that he is unable to afford to retain an attorney and cannot find one to represent him based upon his incarceration. *Id.*

Title 28 U.S.C. § 1915, which governs IFP proceedings, provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not assure that counsel will be appointed for every indigent civil litigant. Although the United States constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge,*

15

802 F.2d at 60. Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

There is no bright line test to be applied when a *pro se*, indigent civil litigant seeks appointment of counsel. *Hendrix v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . ., the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets the threshold requirement, the

> court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.3d at 61-62. In weighing these factors, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 651).

Given the circumstances of this case, particularly in view of the early stage of these proceedings and my recommendation that plaintiff's claims be dismissed as lacking merit, I conclude that the plaintiff's request for appointment of counsel should be denied, without prejudice to renewal should the action go forward.[3]

## III. SUMMARY AND RECOMMENDATION

Plaintiff's amended IFP application is incomplete and is accordingly denied. Plaintiff's motion for appointment of counsel is also denied, without prejudice to renewal at a later date.

---

[3] It is the practice of this court that when an action involving a *pro se* litigant is deemed ready for trial, *pro bono* counsel is routinely appointed to represent that party upon request.

Turning to the merits of plaintiff's complaint, I find that, in addition to plaintiff's lack of standing to sue based on the allegations, the two individual defendants are not amenable to suit under 42 U.S.C. § 1983 and plaintiff's complaint fails to assert a cognizable claim against the Town of Norwich.

Based upon the foregoing it is hereby

ORDERED that plaintiff's application for leave to proceed in this action *in forma pauperis* (Dkt. No. 7) is DENIED and the clerk is respectfully directed to provide plaintiff with an extra copy of this order, report, and recommendation for his use in requesting that the certification section of any future application be completed, signed, and returned to him by an appropriate official at his jail facility; and it is further

ORDERED that plaintiff's motion for appointment of counsel to represent him in this action (Dkt. No. 3) is DENIED, without prejudice to renewal; and it is further respectfully

RECOMMENDED that plaintiff's claims in this action against the three named defendants be DISMISSED, with leave to replead in the event plaintiff is granted *in forma pauperis status* following the submission of a completed application or plaintiff submits the full filing fee.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order, report, and recommendation on plaintiff in accordance with the court's local rules.

Dated: August 22, 2018
Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).